IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KHRISTOFFER MANDELL HEARRON					PLAINTIFF

VERSUS					CIVIL ACTION NO.  5:08cv148 KS-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
ET AL.					DEFENDANTS

## ORDER ON MOTIONS

THIS MATTER is before the court on several motions filed by plaintiff.  Having considered the motions and the entire record in this matter, the court finds and orders as follows:

1.	Plaintiff's motion to be transferred [8] is denied.  In his motion, plaintiff requests a transfer from Delta Correctional Facility ("DCF") to a "Regional County Facility," claiming that his life is in danger at DCF.  However, plaintiff has no constitutional right to be incarcerated in a certain facility, even if life in one prison may be much more disagreeable than in another. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v. Kelly*,  2006 WL 3825236, at * 4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, 2002 WL 1610584, at * 3 (N.D. Tex. July 19, 2002); *Hines v. Cain*, 2007 WL 891880, at * 14 (E.D. La. Mar. 20, 2007).  In addition, there is no evidence in the record to support plaintiff's allegations of being in danger.  *See Basey v. Mooneyham*, 172 Fed. Appx. 582, 584 (5th Cir. Mar. 27, 2006) (denying request for injunction and prison unit transfer where no evidence in record to support plaintiff's allegation of being in "imminent danger" due to an alleged assault by prison officials); *Hines*, 2007 WL 891880, at * 14 (denying request for injunctive relief and transfer to another prison based on prisoner's fear of retaliation from prison officers because plaintiff's "wholly unsubstantiated allegations are the rankest form of speculation").  It is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless

presented with substantial evidence of patently unreasonable conduct.  *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979).

      2.    Plaintiff's "motion to show DCF defendants promise life threats if summons submitted" [9] is granted in part and denied in part.  In this motion, plaintiff claims that Warden Raymond Byrd at DCF has threatened to kill him if he serves him with a summons in this matter.  Plaintiff requests a transfer to Marion-Walthall County Regional Correctional Facility.  Plaintiff also appears to be asking to be transferred before he is required to serve Warden Byrd with process.  As noted by the court in its May 21, 2008 Order [14] granting in part and denying in part plaintiff's motion to amend his complaint, plaintiff's allegation that Warden Byrd has threatened to kill him over this lawsuit - which essentially centers around the plaintiff's opposition to the MDOC's grooming policy - is unconvincing and, further, mere threats are not actionable under Section 1983.  *See*, *e.g.*, *Martin v. McElvaney*, 32 F.3d 566 (5th Cir. 1994) (citations omitted).[1]  Moreover, as noted *supra*, plaintiff has no constitutional right to be housed in a particular institution.  Accordingly, this portion of the motion is denied.  Plaintiff also makes a vague request for "meaning [*sic*] access to the courts."  As the court cannot ascertain what plaintiff is requesting, this request is denied.  Finally, plaintiff has also requested that a copy of his original complaint be forwarded to him.  That portion of the motion is granted, and the clerk is directed to send a copy of the complaint [1] to plaintiff at his last known address.

      3.    Plaintiff's "motion to show DCF defendants promise life threats if summons submitted" [11] is denied as moot.  This motion is nearly identical to [9], which has been addressed in this Order.

---

[1] As set forth in the Order [14], plaintiff must serve the defendants in this action with the complaint and amended complaint, and file proof thereof with the court, by July 1, 2008.

      4.    Plaintiff's motion to amend "motion to show DCF defendants promise life threats if summons submitted" [12] is denied.  In this motion, plaintiff asks for further relief in addition to what he has requested in [9] - specifically, that the court order a "Reg Tag" to be placed in his files so that certain inmates who allegedly attacked him cannot come into contact with him.  Plaintiff concedes that these inmates are not presently housed with him, but he wants to prevent any further contact with them.  This request will be denied, as plaintiff has not made any showing that he is in any danger.  The remainder of the relief requested in this motion is the same as that requested in [9] and, therefore, for the reasons set forth above, the motion should be denied.

    SO ORDERED and ADJUDGED this the 21st day of May, 2008.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge