IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KHRISTOFFER MANDELL HEARRON                                    PLAINTIFF

VERSUS                                      CIVIL ACTION NO.  5:08cv148 KS-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
ET AL.                                                        DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court on a motion for a temporary restraining order [3] filed

by plaintiff.  Having considered the motion and all matters made a part of the record of this case,

as well as the applicable law, the undersigned is of the opinion that the motion should be denied.

Plaintiff, an inmate currently incarcerated at Delta Correctional Facility ("DCF"), filed this

pro se lawsuit pursuant to 42 U.S.C. § 1983 on February 15, 2008.  In his complaint, plaintiff

named as defendants the Mississippi Department of Corrections ("MDOC"), the Corrections

Corporation of America, and individuals from DCF, Mississippi State Penitentiary ("Parchman")

and Wilkinson County Correctional Facility ("WCCF").[1]  None of these defendants have been

served yet by plaintiff.[2]  Plaintiff asserts several claims against defendants for retaliation (for his

challenge to MDOC grooming standards regarding hair length), denial of medical treatment and

---

[1] Plaintiff was incarcerated at Parchman until March 2003, when he was transferred to
WCCF.  It is unclear when plaintiff was transferred to DCF, but it appears to have been before he
filed the instant lawsuit.

[2] As the plaintiff is not proceeding in forma pauperis, on February 19, 2008, he was
notified by Memorandum [5] from the Clerk of Court of his responsibility for serving process
upon the defendants.  He was also advised that his failure to properly serve the complaint in
compliance with Rule 4 of the Federal Rules of Civil Procedure could result in dismissal of this
action.  By Order [14] dated May 21, 2008, this court granted in part and denied in part plaintiff's
motion to amend his complaint, and ordered him to serve the defendants with the complaint and
amended complaint, and to file proof thereof with the court, by July 1, 2008.

deprivation of property, based on various incidents that allegedly occurred while he was

incarcerated at Parchman, WCCF and DCF.  Plaintiff also challenges two Rule Violation Reports

("RVRs") he has received at DCF, and claims that money was wrongfully taken from his inmate

account, that certain toiletries were wrongfully confiscated from him at DCF and that his First

Amendment rights have been violated by the MDOC denying him arts and crafts and musical

instruments.

In his motion for a temporary restraining order, plaintiff is requesting the following

injunctive relief: 1) that DCF staff not be allowed to cut his hair and that he be allowed to wear

dreadlocks (plaintiff is a Rastafarian) until the final disposition of this case; 2) that the MDOC

transfer him to Marion/Walthall County Regional Correctional Facility; 3) that the court review

both RVRs at issue in this lawsuit and "make a fair decision"; 4) that the court issue an order to

the MDOC to acknowledge in writing that plaintiff seeks $60,000 in damages for the 178 excess

days he allegedly served on a prior sentence; 5) that the court issue an order to the MDOC and

WCCF to reimburse plaintiff $1100 that was misappropriated from his prison account; 6) that the

court issue an order to the MDOC to provide approval for plaintiff to purchase arts and crafts and

musical instruments; and 7) that the court order DCF staff to return approved cosmetics that were

allegedly confiscated from plaintiff.

A party requesting a temporary restraining order or preliminary injunction must

demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a

substantial threat that failure to grant the injunction will result in irreparable injury; 3) the

threatened injury must outweigh any damage that the injunction will cause to the adverse party;

and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of*

*Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001).  "An injunction is an

extraordinary remedy and should not issue except upon a clear showing of possible irreparable

injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff cannot make this showing.  With respect to his claim regarding his dreadlocks, he

cannot show a substantial likelihood of success on the merits, as courts in the Fifth Circuit have

repeatedly rejected constitutional challenges to prison grooming regulations prohibiting long hair

and beards,[3] holding that such regulations are rationally related to legitimate penological interests,

including security and prisoner identification.  *See*, *e.g.*, *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.

1995) (holding that the Free Exercise Clause did not require an exception to a prison grooming

policy that would allow a Rastafarian to grow dreadlocks); *Scott v. Mississippi Department of*

*Corrections*, 961 F.2d 77, 80-82 (5th Cir. 1992) (holding that prison policy requiring short hair did

not violate Rastafarian prisoners' right to freely exercise their religion while incarcerated); *Hill v.*

*Epps*, 2004 WL 5239431, at * 1 (N.D. Miss. Nov. 3, 2004) ("Periodic haircuts for inmates, even

Rastafarians, are reasonably related to legitimate penological interests and thus do not violate the

plaintiff's rights to free exercise of religion."); *see also Taylor v. Johnson*, 257 F.3d 470, 472-73

(5th Cir. 2001) (holding that prison grooming policy prohibiting Muslim inmate from growing

one-quarter inch beard did not violate prisoner's Free Exercise rights); *Green v. Polunsky*, 229

F.3d 486, 490-91 (5th Cir. 2000) (holding that prison policy prohibiting even short, one-quarter

inch beards did not violate Muslim prisoner's rights under the Free Exercise Clause); *Massingill*

*v. Livingston*, 2006 WL 2571366, at * 4 (E.D. Tex. Sept. 1, 2006), *aff'd*, 2008 WL 1984265 (5th

Cir. May 8, 2008) (holding that prison grooming policy prohibiting prisoner, an adherent of the

---

[3] MDOC regulations provide that male prisoners' "hair will be kept clean and neatly cut so the hair does not fall below the collar and is not longer than three (3) inches in length.  No braids, packing of hair, or curls will be allowed."  *See* MDOC Inmate Handbook, ch. VI (IV)(D)(1).

Israyl Identity faith, from having beard and shoulder-length hair did not violate his First

Amendment rights).

With respect to plaintiff's request to be transferred to another facility, plaintiff has no

constitutional right to be incarcerated in a certain facility, even if life in one prison may be much

more disagreeable than in another. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v.*

*Kelly*, 2006 WL 3825236, at * 4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, 2002 WL

1610584, at * 3 (N.D. Tex. July 19, 2002); *Hines v. Cain*, 2007 WL 891880, at * 14 (E.D. La.

Mar. 20, 2007).  Moreover, although plaintiff has made allegations in various filings with this

court that he is in danger at DCF, there is simply no evidence in the record to support these

allegations.  *See Basey v. Mooneyham*, 172 Fed. Appx. 582, 584 (5th Cir. Mar. 27, 2006) (denying

request for injunction and prison unit transfer where no evidence in record to support plaintiff's

allegation of being in "imminent danger" due to an alleged assault by prison officials); *Hines*,

2007 WL 891880, at * 14 (denying request for injunctive relief and transfer to another prison

based on prisoner's fear of retaliation from prison officers because plaintiff's "wholly

unsubstantiated allegations are the rankest form of speculation").  It is well-settled that prison

officials are given wide latitude in the daily operations of the prison system, and the courts are

reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct.

*See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979).

As for plaintiff's request for relief with respect to the two RVRs at issue in this lawsuit, as

well as the allegedly misappropriated funds, the arts and crafts and musical instruments, and the

allegedly confiscated cosmetics, even assuming that plaintiff could demonstrate a likelihood of

success on the merits (which he has not), he cannot demonstrate that he will be irreparably harmed

if the court denies injunctive relief and reviews these claims in due course.

Finally, with respect to plaintiff's request that the court issue an order to the MDOC to acknowledge in writing that plaintiff seeks $60,000 in damages for the 178 excess days he allegedly served on a prior sentence, the court cannot ascertain what plaintiff is requesting. Moreover, in its Order [14] granting in part and denying in part plaintiff's motion to amend his complaint, this court denied plaintiff's request to amend his complaint to assert a claim that he should have received credit for time served and earned on a prior sentence and, as a result, served 178 days more than he should have. Therefore, this claim is not before the court. In any event, plaintiff's request for an acknowledgment of his claims by defendant does not merit the extraordinary remedy of injunctive relief.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that plaintiff's motion for a temporary restraining order [3] be denied.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile*

5

*Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 21st day of May, 2008.

s/ Michael T. Parker

United States Magistrate Judge