```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

KHRISTOFFER MANDELL
HEARRON, #R75793                                          PLAINTIFF

VS.                          CIVIL ACTION NO. 5:08-cv-148(DCB)(MTP)

MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.                                   DEFENDANTS

ORDER

This cause is before the Court on the plaintiff's objections **(docket entry 18)** to an Order of Magistrate Judge Michael T. Parker entered May 21, 2008 (docket entry 14). The Court treats the plaintiff's objections as a motion for review of the magistrate judge's order. Having carefully considered the order and the plaintiff's objections, as well as the applicable law, the Court finds as follows:

The plaintiff, an inmate currently incarcerated at Delta Correctional Facility ("DCF"), filed this pro se lawsuit pursuant to 42 U.S.C. § 1983 on February 15, 2008. The same day, he filed a motion to amend his complaint to add several claims: (1) a challenge to a Rule Violation Report ("RVR") he received at DCF relating to possession of contraband; (2) a claim that certain toiletries were wrongfully confiscated from him at DCF; (3) a claim that his First Amendment rights have been violated by the MDOC denying him arts and crafts and musical instruments; (4) a challenge to another RVR he received at DCF for refusing housing at the C-building; and (5) a claim that he is entitled to credit for time served and earned (178 days) on a prior sentence.

In an Order of May 21, 2008, Magistrate Judge Parker granted the motion to amend as to the first four claims, but denied the motion as to the fifth claim because it is not a proper claim for a Section 1983 lawsuit, and it has not yet accrued. If the plaintiff is seeking an early release from custody, he must do so through a petition for writ of habeas corpus, which requires that he first present his claims to the highest state court. Hearron has not demonstrated that he has done so.

Hearron also states that he is seeking compensatory and punitive damages for "physical and mental and emotional injuries" suffered during the 178 days he should not have been in custody. A state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated - specifically, that it has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 487 (1994). Hearron has failed to make such a showing.

In his objections, the plaintiff contends that he is entitled to an exception from the "favorable termination" rule of Heck, citing Spencer v. Kemna, 523 U.S. 1 (1998). In Randell v. Johnson, 227 F.3d 300 (5th Cir. 2000), the Fifth Circuit stated: "[b]ased on dicta from concurring and dissenting opinions in Spencer v. Kemna

2

[citations omitted], three circuits have concluded that the Supreme Court - if presented with the question - would relax Heck's universal favorable termination requirement for plaintiffs who have no procedural vehicle to challenge their conviction." Id. at 301. Hearron has not, however, demonstrated that such a procedural vehicle is lacking in his case.  His objections to the magistrate judge's order are without merit.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's objections **(docket entry 18)** to the Order of Magistrate Judge Michael T. Parker entered May 21, 2008 (docket entry 14), which the Court treats as a motion for review of the magistrate judge's order, is DENIED.

SO ORDERED, this the 27th day of August.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE