IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KHRISTOFFER MANDELL HEARRON, #R75793                    PLAINTIFF

VS.                                  CIVIL ACTION NO. 5:08cv148-DCB-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.          DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to prosecute and to otherwise comply with the court's order of May 21, 2008 [14]. Having reviewed the entire record in this matter, the undersigned recommends that this case be dismissed without prejudice.

**Procedural History**

On February 15, 2008, plaintiff Khristoffer Mandell Hearron, an inmate at Delta Correctional Facility in Greenwood, Mississippi ("DCF"), filed this *pro se* civil rights action in which he makes claims against defendants for retaliation (for his opposition to Mississippi Department of Corrections' grooming standards regarding hair length), denial of medical treatment and deprivation of property, based on various incidents that allegedly occurred while he was incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi ("Parchman"), Wilkinson County Correctional Center in Woodville, Mississippi ("WCCC") and DCF.[1] Plaintiff also challenges two Rule Violation Reports, and claims that his First Amendment rights have been violated by him being denied him arts and crafts and musical instruments.

As plaintiff is not proceeding *in forma pauperis*, in a memorandum dated February 19,

---

[1] Plaintiff was incarcerated at Parchman until March 2003, when he was transferred to WCCC. It is unclear when plaintiff was transferred to DCF, but it appears to have been before he filed the instant lawsuit.

2008 [5], the clerk of the court informed plaintiff of his obligation to serve process pursuant to Rule 4 of the Federal Rules of Civil Procedure, and advised him that failure to properly serve the complaint in compliance with Rule 4 could result in dismissal of this action.[2]  By order [14] dated May 21, 2008, the court noted that none of the defendants had yet been served with process, and that the deadline for doing so was set to expire in less than one month - on June 15, 2008.  Accordingly, the court *sua sponte* extended the deadline for serving process until July 1, 2008, and warned the plaintiff that if he did not serve process and file proof thereof with the court by the deadline, or could not show good cause for his failure to do so, the court would recommend dismissal of this case without prejudice and without further notice.

Plaintiff has not responded to the order, and defendants still have not been served with process.  Indeed, the docket does not reflect that process has ever been issued.

## Legal Analysis

Rule 4 of the Federal Rules of Civil Procedure provides:  "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant...." Fed. R. Civ. P. 4 (m).[3]  As plaintiff has failed to serve process in compliance with the rule after notice by the

---

[2] Because plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court and the U.S. Marshal's office have no obligation to assist Plaintiff with the service of process.  *See* Fed. R. Civ. P. 4(c); Local Rule 4.1(B) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court.").

[3] The rule permits the court to extend the time period on a showing of good cause for failure to serve process in a timely manner.  In several filings with the court [8] [9] [11] [12], plaintiff has alleged that the Warden of DCF, defendant Raymond Byrd, has threatened to kill him if he is served with the summons in this matter.  In its May 21, 2008 order, this court previously rejected as unconvincing the allegation that Warden Byrd has threatened to kill plaintiff over this lawsuit - which essentially centers around the plaintiff's opposition to the MDOC's grooming policy.  In addition, the court noted that even if plaintiff's allegations were

2

court that such failure may result in a dismissal, dismissal is appropriate under Federal Rule of Civil Procedure 4 (m).

Moreover, pursuant to Federal Rule of Civil Procedure 41(b),[4] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court.  *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases."  *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's rule 41(b) discretionary authority).  This case demonstrates the type of inaction that warrants rule 41(b) dismissal.

## Recommendation

As the plaintiff has failed to serve process or to otherwise comply with this court's May 21, 2008 order[14], it is the recommendation of this court that this matter be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The

---

true, this could only explain his failure to serve Warden Byrd, not the seven other defendants named in the complaint.  Accordingly, the court finds that plaintiff has not established good cause for his failure to serve defendants with process.

[4] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 3rd day of September, 2008.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge