```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

KHRISTOFFER MANDELL
HEARRON, #R75793                                            PLAINTIFF

VS.                          CIVIL ACTION NO. 5:08-cv-148(DCB)(MTP)

MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.                                      DEFENDANTS

<u>ORDER OF DISMISSAL</u>

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 22)**, the plaintiff's Objections **(docket entry 23)** thereto, the plaintiff's motion to amend his objections **(docket entry 24)**, and the plaintiff's motion to amend his complaint **(docket entry 25)**. Having carefully considered the Report and Recommendation, the objections and motions, and the applicable law, the Court finds as follows:

The plaintiff, an inmate currently incarcerated at Delta Correctional Facility ("DCF"), filed this <u>pro</u> <u>se</u> lawsuit pursuant to 42 U.S.C. § 1983 on February 15, 2008.  In his complaint, he names as defendants the Mississippi Department of Corrections ("MDOC"), the Corrections Corporation of America ("CCA"), and individuals from DCF, Mississippi State Penitentiary at Parchman ("Parchman"), and Wilkinson County Correctional Facility ("WCCF"). None of the defendants named by the plaintiff have been served with process.

The plaintiff asserts several claims against the defendants: (1) for retaliation (for his challenge to MDOC grooming standards

regarding hair length); (2) for denial of medical treatment and (3) deprivation of property, both based on various incidents that allegedly occurred while the plaintiff was incarcerated at Parchman, WCCF and DCF; (4) challenging two Rule Violation Reports ("RVRs") he received at DCF; (5) for the wrongful taking of money from his inmate account at DCF; (6) for wrongful confiscation of toiletries by DCF; and (7) for a First Amendment violation by MDOC in denying him arts and crafts and musical instruments.

On February 19, 2008, the plaintiff was informed of his obligation to serve process pursuant to Fed.R.Civ.P. 4, and advised that failure to properly serve the complaint in compliance with Rule 4 could result in dismissal of this action.  By order dated May 21, 2008, the court noted that none of the defendants had yet been served with process, and that the deadline for doing so was set to expire in less than one month - on June 15, 2008.  The court sua sponte extended the deadline for serving process until July 1, 2008, and warned the plaintiff that if he did not serve process and file proof thereof with the court by the deadline, or could not show good cause for his failure to do so, the magistrate judge would recommend dismissal of this case without prejudice and without further notice.

The plaintiff has not responded to the order, and the defendants still have not been served with process.  Indeed, the docket does not reflect that process has ever been issued. Magistrate Judge Parker recommends dismissal pursuant to Fed.R.Civ.P. 4(m) and Fed.R.Civ.P. 41(b).  In his objections to the

Report and Recommendation, his amendment to his objections, and his motion to amend his complaint, the plaintiff does not address service of process and does not raise any issue regarding good cause. Because the plaintiff has failed to serve process and failed to show good cause for his failure to do so, this action shall be dismissed without prejudice. The plaintiff's motion to amend his objections shall be granted, and his motion to amend the complaint shall be denied. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion to amend his objections **(docket entry 24)** is GRANTED;

FURTHER ORDERED that the plaintiff's motion to amend his complaint **(docket entry 25)** is DENIED;

FURTHER ORDERED that the Report and Recommendation **(docket entry 22)** of Magistrate Judge Michael T. Parker is hereby adopted as the opinion of this Court;

FURTHER ORDERED that the plaintiff's Objections **(docket entry 23)**,as amended, are DENIED;

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 7th day of November, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE